**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOGDANA ALEXANDROVNA
MOBLEY,

    Defendant - Appellant.

No. 20-3212
(D.C. No. 6:17-CR-10142-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.
_____

Bogdana Alexandrovna Mobley appeals from the district court's denial of her

Emergency Motion for Immediate Release Pending Resentencing. Exercising

jurisdiction under 28 U.S.C § 1291 and 18 U.S.C. § 3145(c), we vacate the district

court's order and remand with instructions.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Mobley was indicted on one count of international parental kidnapping, in violation of 18 U.S.C. § 1204, and four counts of extortion, in violation of 18 U.S.C. § 875(b), stemming from her taking her children to Russia in the midst of divorce and custody proceedings in a Kansas state court. In 2019, a jury convicted Ms. Mobley of the kidnapping count and two of the four extortion counts. The district court sentenced her to concurrent sentences of 84 months' imprisonment for extortion and the maximum of 36 months' imprisonment for kidnapping. On appeal, this court vacated the extortion convictions, affirmed the kidnapping conviction, and remanded for resentencing. *United States v. Mobley*, 971 F.3d 1187, 1208 (10th Cir. 2020).

After this court's mandate issued, Ms. Mobley filed in district court an Emergency Motion for Immediate Release Pending Resentencing, contending she should be released because: (1) she had served the maximum 36-month sentence on the kidnapping conviction; and (2) she has medical issues that make her particularly vulnerable to COVID-19. In response, the government stated: (1) further review was not authorized by the Solicitor General's Office; (2) the motion should be granted because Ms. Mobley had served all or more than the maximum sentence for the kidnapping conviction; and (3) she should be released from custody and ordered to appear for resentencing. On October 14, one day after the government filed its response, the district court entered an order directing the United States Marshals Service to take Ms. Mobley into custody and transfer her from the correctional facility in Connecticut where she was being housed to the district court in Kansas for

2

resentencing. Ms. Mobley filed a notice of appeal, arguing that the transfer order amounted to a constructive denial of her Emergency Motion for Immediate Release Pending Resentencing.

While her appeal was pending in this court, Ms. Mobley filed an emergency motion to stay the district court's transfer order. This court granted a stay and remanded to the district court for the limited purpose of entering a written order on her Emergency Motion for Immediate Release Pending Resentencing, which she had filed over one month prior. On October 21, the district court entered a written order denying the Emergency Motion for Immediate Release Pending Resentencing. Thereafter, we ordered expedited briefing by the parties.

## ORDER

Having reviewed the district court's order denying the Emergency Motion for Immediate Release Pending Resentencing,[1] the parties' filings before this court, and the record from the district court proceedings, we hereby vacate the district court's order denying release pending resentencing, and we remand to the district court with instructions to: (1) order the Federal Bureau of Prisons to release Ms. Mobley forthwith pending resentencing; (2) schedule a date certain for resentencing via videoconferencing; and (3) impose standard conditions of release pending resentencing, consistent with and allowing for Ms. Mobley's residence outside of Kansas. As to the latter instruction, we strongly encourage the district court to

---

[1] *See United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003) (providing the standard of review for detention orders).

3

consider releasing Ms. Mobley to the supervision and custody of her mother and stepfather in Queens, New York pending resentencing.

Entered for the Court
Per Curiam
